**IN THE COURT OF APPEALS OF IOWA**

No. 19-1034
Filed September 25, 2019

**IN THE INTEREST OF L.L.,**
**Minor Child,**

**K.K., Mother,**
         Appellant.
_____

         Appeal from the Iowa District Court for Delaware County, Thomas J. Straka,

Associate Juvenile Judge.


         A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**


         William A. Lansing of William A. Lansing, P.C., Dubuque, for appellant

mother.

         Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)

and Mary A. Triick, Assistant Attorneys General, for appellee State.

         Daniel H. Swift of Swift Law Firm, Manchester, guardian ad litem for minor

child.


         Considered by Potterfield, P.J., Greer, J., and Danilson, S.J.*

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. The mother waived her due process claim by not citing any authority in support of her argument. We find the State engaged in reasonable efforts to reunite the mother with the child. The juvenile court properly denied the mother's requests to place the child in a guardianship and for an extension of time. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

K.K., mother, and L.L., father, are the parents of L.L., born in 2018. In June 2018, the father violated a no-contact order and came to the mother's home. The father accused the mother of practicing sorcery and putting an evil spirit on the child. While the mother was feeding the child, the father grabbed the mother by her hair and threw her down.[1] The Iowa Department of Human Services (DHS) became involved with the family. Subsequently, concerns arose about the child's failure to thrive[2] and the mother's substance abuse with methamphetamine. On August 16, 2018, the child was removed from the parents' care and placed with the maternal grandfather.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(n) (2018). The mother tested positive for methamphetamine in August and September and did not attend random drug tests

---

[1]  The father was arrested and charged with child endangerment, domestic abuse assault, and violating the no-contact order.

[2]  Ultimately, the child was diagnosed with fluid on her kidneys and this health issue remained unresolved at the time of termination. She was however, gaining some weight but the contention of failure to thrive was not an issue in the termination hearing.

in October or November. At the dispositional hearing, held in November, the mother requested visits with the child at her home. The juvenile court determined visitation would occur at the discretion of DHS. In December, the mother again tested positive for methamphetamine. She did not appear for random drug tests in January 2019 and tested positive in February. The mother began two substance abuse treatment programs but did not complete them. To her credit she attended some individual therapy sessions for mental-health concerns.

On February 21, the State filed a petition seeking to terminate the parents' rights. The mother then started a new substance-abuse treatment program, which she was attending at the time of the termination hearing on April 23. The parents had violated the no-contact order and were expecting another child. The mother stated she was no longer using illegal substances but still drank alcohol and did not feel this was a problem.

The juvenile court terminated the mother's parental rights under section 232.116(1)(h) and (*l*) (2019).[3] The court found, "The parents' volatile relationship and disregard of the no-contact order indicates the child cannot be returned to either parent at the present time." The court also noted the mother's "severe substance-related disorder." The court concluded DHS provided reasonable efforts to reunite the child with the mother. The court denied the requests for an extension of time and to place the child in a guardianship. The court determined termination of the mother's parental rights was in the child's best interests. The mother now appeals.

---

[3] The father's parental rights were also terminated. His appeal was dismissed.

## II.    Standard of Review

Our review of termination proceedings is de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted).  Our primary concern is the best interests of the child.  *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Due Process

The mother claims she was "denied her State and federal constitutional rights to due process by the failure to provide a transcript of [the] trial proceedings prior to the filing of this Petition on Appeal."  The mother does not cite any authority in support of her argument.  "Failure to cite authority in support of an issue may be deemed waiver of that issue."  Iowa R. App. P. 6.903(2)(g)(3).  Because the mother has waived this issue, we do not address it.  *See Cawthorn v. Catholic Health Initiatives Iowa Corp.*, 806 N.W.2d 282, 292 (Iowa 2011).  We add however, this argument has previously been rejected in *In re T.S.*, 868 N.W.2d 425, 433-34, (Iowa Ct. App. 2015).

## IV.    Reasonable Efforts

The mother asserts the State did not engage in reasonable efforts to reunite her with the child because DHS did not institute a trial home placement after she had a negative drug test in December 2018.  She also states DHS did not have sufficient knowledge of her mental-health and substance-abuse treatment.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent."  *In re L.M.*, 904 N.W.2d

835, 839 (Iowa 2017). "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002). "[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The mother requested visits at her home and the juvenile court gave DHS discretion as to when these visits would occur. DHS determined the at-home visits would begin when the mother had a negative drug test. The mother never had a negative drug test for DHS, although she had one for a different entity in December 2018. The mother also had a positive test in December 2018, did not appear for random drug tests in January 2019, and tested positive for methamphetamine in February. We find DHS acted reasonably in denying the mother's request for in-home visits, as she did not have a sustained period of sobriety. This same reasoning applies to the assertion the child could have been returned to her care on a trial basis.

The mother contends the DHS failed to provide reasonable efforts because the DHS social worker's report and testimony lacked certain information such as the mother's mental-health treatment. However, we do not review this testimony in isolation but consider all of the evidence presented. We agree with the juvenile court's finding that DHS provided reasonable efforts by their efforts to provide, "substance abuse treatment, the parents were offered family safety, risk, and permanency services; family team meetings; a parent partner for mother; parents as teachers; Keystone Early Access; mental health counseling; individual

supervision; random drug testing; and protective daycare." Perhaps DHS could have done more but these efforts are reasonable and the mother failed to attain even one case goal.

### V. Guardianship

The mother contends the juvenile court should have placed the child in a guardianship with the maternal grandfather, rather than terminating her parental rights. During the CINA proceedings, the maternal grandfather told DHS workers he was not available as a long-term placement for the child. At the termination hearing, however, he stated he would prefer not to adopt the child but would be willing to have the child in a guardianship. The mother also raises the possibility the paternal grandmother, who was willing to adopt the child, could serve as a guardian instead.

On the issue of guardianship, the juvenile court found, "Given the age of this child, he will need long-term permanency and stability." We agree with the court's conclusion. The child needs permanency and a long-term placement, which the maternal grandfather told DHS workers he was unwilling to provide. Also, the paternal grandmother's willingness to adopt does not mean she would be willing to serve as a guardian. "A guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.* 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). We conclude it would not be in the child's best interests to be placed in a guardianship.

### VI. Extension of Time

At the termination hearing, the mother also asked for an extension of time to work on reunification. At the time of the termination hearing, the mother was

currently attending a substance-abuse treatment program. She was given the opportunity to submit an updated report from the treatment program after the termination hearing but the report did not give any sign of optimism.

Under section 232.117(5), the juvenile court may order an extension of time as an alternative to terminating parental rights, citing section 232.104. A six-month extension may be granted based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The court stated it was "unable to make a determination that the need for removal will no longer exist after an extension of time. As indicated above, parents have not met any of the case plan goals." The court also stated it did "not believe either parent has fully addressed their substance abuse issues despite both inpatient and outpatient treatment being attempted."

We agree with the court's conclusions. We determine it would not be in the child's best interests to further extend this case.

We affirm the decision of the juvenile court.

**AFFIRMED.**